BENJAMIN F. HORNE v. THE HEGWER SALT AND LUMBER COMPANY.

EVIDENCE — *Demurrer.* Where there is any evidence fairly sustaining all the facts necessary to a recovery, a demurrer to the evidence ought not to be sustained.

*Error from Reno District Court.*

ACTION by *Horne* against *The Company* for breach of contract. Judgment for defendant company. Plaintiff comes here. The opinion states the facts.

*Wright & Stout,* for plaintiff in error.

*W. M. Whitelaw,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The defendant ordered a car load of barrel heads to be shipped by the plaintiff, whose place of business is East St. Louis, Ill., to it at Hutchinson, Kas., and the shipment was made as ordered. The defendant failed to receive or pay for them, and, after some delay, the plaintiff went to Hutchinson, tried to sell the heading to one Price, to whom the defendant had in the meantime sold out its business, but was unable to sell to anyone, and thereafter reshipped them to St. Louis. Under the facts disclosed by the testimony, the plaintiff had a perfectly plain remedy to sue upon his contract of sale for the damages resulting from the refusal to accept and pay for the goods ordered. The whole difficulty in this case arises from the want of a clear statement in the plaintiff's bill of particulars of his real cause of action. The case was originally commenced before a justice of the peace. The bill of particulars alleges a sale of a car load of merchandise by plaintiff to defendant, and then seeks to recover freight charges on a car load of heading, shipped to the defendant on its order and refused, and expenses of the plaintiff to and from Hutchinson. Plaintiff obtained judgment before the

justice of the peace, but, on appeal to the district court, a demurrer to plaintiff's testimony was sustained, the case withdrawn from the jury, and judgment entered in favor of defendant for costs.

The plaintiff's cause of action is certainly very defectively stated, but pleadings before a justice of the peace, as has often been held by this court, are to be construed with great liberality. If the plaintiff had stated his full cause of action for the breach of the contract, the full measure of his recovery would, as contended by counsel for the defendant, be the difference between the contract price and the amount realized from a resale, but in order to uphold the ruling of the district court in this case, there must be an utter failure of testimony, to show a right of the plaintiff to recover any part of the freight charges for which he sues. The evidence clearly shows that the defendant, both by letter and by telegram, ordered the heading shipped to it at Hutchinson. It appears that Hegwer himself tried to sell the property to Price, to whom he had sold his salt plant, but failed; that Horne went to Hutchinson, and tried also to sell the goods, but failed; that he thereafter reshipped them, and, owing to the fact that they were of unusual size, could not find any purchaser for them on the general market at any price. We think these facts sufficient to have been submitted to the jury, though we express no opinion as to how much of the freight charges should, under the testimony before us, have been allowed, nor is it necessary for us to say more than that there is testimony in the record which the court should have submitted to the jury. Under properly framed pleadings and evidence corresponding therewith, there should be no difficulty in doing justice between these parties.

The judgment is reversed, and a new trial ordered.

HORTON, C. J.: I concur in the judgment to be rendered in this case only upon the theory that the car load of barrel heads, shipped by the plaintiff to the salt and lumber company at Hutchinson, could not be sold in that city after the

company refused to accept or pay for them; and therefore they were of no market or other value at Hutchinson. As the company ordered the barrel heads and refused to accept or pay for them, the plaintiff was damaged at least the freight charges paid by him; and the evidence offered upon the trial showed damages for the amount of the freight charges from St. Louis to Hutchinson. Upon a proper bill of particulars or petition sounding in damages, the plaintiff would have been entitled to recover the contract price, if any price had been agreed on and shown; or, if no price had been agreed on, then the market value of the goods sold and delivered; or, if plaintiff had been compelled to resell by reason of the failure of defendant, then the difference between what plaintiff received for the goods upon such resale, fairly made, and what he ought to have received from defendant under his contract with defendant.

JOHNSTON, J.: I concur in the result.